UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY OLIVENCIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>O'CONNELL PROTECTION SERVICES, LLC,<br><br>Defendant. | CLASS AND COLLECTIVE ACTION<br><br>COMPLAINT<br><br>Civil Action No. 17-cv-6709 |

Named Plaintiff Anthony Olivencia ("Named Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by his attorneys, and for his Complaint against Defendant O'Connell Protection Services, LLC ("Defendant"), alleges as follows:

**NATURE OF ACTION**

1. This action is brought, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law ("NYLL") §§ 195, 198, and 663; 12 New York Codes, Rules and Regulations ("NYCRR") § 142-2.2, to recover unpaid overtime compensation owed to Named Plaintiff, and all similarly situated persons who are presently or were formerly employed by Defendant, and damages arising from Defendant's failure to furnish complete and accurate wage notifications and wage statements to Named Plaintiff and members the New York Class, as described herein.

2. Defendant is in the business of providing security services.

3. Defendant employs security guards in furtherance of its business.

4. From at least November 2011, Defendant's policy and practice was to compensate its security guards on a flat hourly rate regardless of the number of hours they worked in a given week.

5. Security guards regularly worked in excess of 40 hours in a week.

6. Security guards did not receive wage statements from Defendant at the time they received their pay reflecting their overtime hourly rates of pay when they worked in excess of 40 hours in a week.

7. Security guards did not receive wage notifications at the time of hire reflecting their rates of pay, the basis of their rates of pay, or their pay day designated by Defendant, among other missing information.

8. As a result, Named Plaintiff has commenced this action on behalf of himself and current and former employees of Defendant that worked as security guards.

9. Defendant's failure to compensate Named Plaintiff and other security guards at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of Section 7 of the FLSA.

10. Defendant's failure to compensate Named Plaintiff and other security guards at time-and-a-half their regular rates of pay when they worked in excess of 40 hours in a week violated the overtime provisions of the NYLL.

11. Defendant's failure to provide complete and accurate wage notifications to Named Plaintiff and other security guards violated NYLL §§ 195(1) and 198-1(b).

12. Defendant's failure to provide complete and accurate wage statements to Named Plaintiff and other security guards violated NYLL §§ 195(3) and 198-1(d).

13. Named Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiff's consent form is attached hereto as Exhibit A.

14. Named Plaintiff brings his NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**JURISDICTION**

15. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

16. The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255.

17. The statute of limitations under the New York Labor Law is six (6) years. New York Labor Law § 663.

**VENUE**

18. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because Defendant resides in the Eastern District of New York.

**THE PARTIES**

***Named Plaintiff Anthony Olivencia***

19. Named Plaintiff Olivencia is domiciled in Queens County, New York.

20. Named Plaintiff was employed by Defendant for approximately 8 months in 2015 and 2016.

21. During his employment with Defendant, Named Plaintiff was employed as a security guard.

22. Named plaintiff was paid $15.00 per hour.

23. Named Plaintiff regularly worked 4 to 5 days per week, 12 to 15 hours per day.

24. Named Plaintiff regularly worked in excess of 40 hours per week.

25. Even though Named Plaintiff regularly worked in excess of 40 hours per week, Named Plaintiff was only paid $15 per hour for all hours worked.

26. For instance, during the one-week pay period starting August 3, 2015 and ending

August 9, 2015, Named Plaintiff's paystub reflects the following information:

a. Named Plaintiff's worked 76.50 "hours/units."

b. Named Plaintiff's "rate" was $15.00 per hour.

c. Named Plaintiff's gross pay was $1,147.50.

27. Accordingly, Defendant failed to pay Named Plaintiff his overtime premium equal to $7.50 for 36.5 hours during the pay period ending August 9, 2015.

28. Named Plaintiff did not receive his overtime premium for the hours he worked in excess of 40 hours in a week.

29. When Named Plaintiff was first hired by Defendant, he did not receive a wage notification informing him of, among other things, (1) his regular rate of pay, (2) his overtime rate of pay, (3) the basis of his rate of pay (*e.g.*, whether he was an hourly employee), or (4) the regular pay day designated by Defendant.

30. At no time during Named Plaintiff's employment with Defendant was he presented with a written acknowledgement of receipt of a wage notification.

31. At no time during Named Plaintiff's employment with Defendant did he sign a written acknowledgement of receipt of a wage notification.

32. During his employment with Defendant, Named Plaintiff's wage statements failed to reflect his overtime hourly rate of pay when he worked in excess of 40 hours in a week.

33. Named Plaintiff is a covered employee within the meaning of the FLSA and NYLL.

***Defendant O'Connell Protection Services, LLC***

34. Defendant O'Connell Protection Services, LLC is a New York corporation with its principal place of business at 16 Fairview Avenue, East Williston Park, NY 11596.

35. Throughout the relevant period, Defendant employed Named Plaintiff and similarly situated employees within the meaning of the FLSA and New York Labor Law. Defendant has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

36. Defendant is a covered employer within the meaning of the FLSA and NYLL, and, at all relevant times, employed and/or jointly employed Named Plaintiff and similarly situated employees.

37. At all relevant times, Defendant maintained control, oversight and direction over Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

38. Upon information and belief, Defendant applies the same employment policies, practices, and procedures to all security guards.

39. At all relevant times, Defendant's annual gross volume of sales made or business done was not less than $500,000.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

40. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

41. This action is brought on behalf of Named Plaintiff and all similarly situated persons who work or have worked for Defendant as security guards on or after November 16, 2011, who elect to opt-in to this action ("FLSA Collective").

42. Defendant assigned and/or are aware of all the work that Named Plaintiff and members of the FLSA Collective performed.

43. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and the FLSA collective. This pattern, practice, and/or policy includes, but is not limited to, willfully failing to pay Named Plaintiff and the members of the FLSA Collective overtime compensation for the hours they worked in excess of 40 hours in a given week.

44. Defendant is aware or should have been aware that federal law requires and required Defendant to pay employees performing non-exempt duties, including Named Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per week.

45. Named Plaintiff and the FLSA Collective all perform or performed the same or similar primary duties.

46. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**NEW YORK CLASS ACTION ALLEGATIONS**

47. Named Plaintiff brings his cause of actions under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all current and former security guards who worked or have worked in New York at any time between November 16, 2011, and the date of final judgment in this matter (the "New York Class").

48. Excluded from the New York Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

49. The New York Class is so numerous that joinder of all members is impracticable.

50. Upon information and belief, the size of the New York Class is believed to be in excess of 75 individuals.

51. The questions of law and fact common to the New York Class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendant violated the NYLL; (2) whether Defendant failed to compensate Named Plaintiff and the New York Class for hours worked in excess of 40 hours per week; (3) whether Defendant provided Named Plaintiff and the New York Class with wage notifications that comply with the requirements of NYLL § 195(1); and (4) whether Defendant provided Named Plaintiff and the New York Class with wage statements that comply with the requirements of NYLL § 195(3).

52. The claims of Named Plaintiff is typical of the claims of the New York Class he seeks to represent.

53. Like the New York Class, Named Plaintiff worked as a security guard and was subject to Defendant's policy and pattern or practice of failing to pay overtime compensation for work performed in excess of 40 hours in a week.

54. Like the New York Class, Named Plaintiff did not receive wage notifications and complete and accurate wage statements that reflected the information required pursuant to NYLL § 195.

55. Named Plaintiff and the New York Class are entitled to the same statutory protections under the NYLL, including payment of overtime compensation when they work in excess of 40 hours in a week and to receive complete and accurate wage notifications and wage statements as required by NYLL § 195. Named Plaintiff and the New York Class have all been

injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

56. Named Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Named Plaintiff understand that, as a class representative, he assume a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. Named Plaintiff recognizes that, as class representatives, he must represent and consider the interests of the New York Class just as he would represent his own interests. Named Plaintiff understands that, in making decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the interests of the New York Class. Named Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interest of the New York Class.

57. Named Plaintiff has retained counsel competent and experienced in complex class action and employment litigation. There is no conflict between the Named Plaintiff, counsel, and the New York Class.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy – particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. A class action will prevent costly duplicative litigation of the same exact claim and avoid inconsistent judgments pertaining to Defendant's policies. Although the relative damages suffered by individual New York Class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this action.

**COMMON FACTUAL ALLEGATIONS**

59. Named Plaintiff, members of the FLSA Collective, and the New York Class

(collectively "Class Members") worked for Defendant as security guards.

60. Throughout their employment with Defendant, Named Plaintiff and the Class Members consistently worked more than 40 hours per week.

61. Defendant is aware that Named Plaintiff and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay them all overtime compensation earned at a rate of one and one-half times their regular rates of pay.

62. Named Plaintiff and the New York Class did not receive wage notifications at the time of hire informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rate of pay (*e.g.*, whether they were hourly employees), or (4) the regular pay day designated by Defendant.

63. Named Plaintiff and the New York Class did not receive wage statements from Defendant reflecting their overtime hourly rates of pay when they worked in excess of 40 hours in a week.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT --**
**FLSA OVERTIME COMPENSATION**

64. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

65. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

66. At all relevant times, Named Plaintiff and other similarly situated current and former FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67. The overtime provisions set forth in §§ 201, *et seq.* of the FLSA apply Defendant.

68. Defendant is an employer engaged in commerce and/or the production of goods

for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

69. At all relevant times, Named Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

70. Defendant failed to pay Named Plaintiff and the other similarly situated current and former FLSA Collective members the overtime wages to which they were entitled under the FLSA.

71. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiff and the other similarly FLSA Collective members.

72. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

73. As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the other similarly situated current and former FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*.

74. As a result of Defendant's unlawful acts, Named Plaintiff and the other similarly situated FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**AGAINST DEFENDANT --**
**NEW YORK OVERTIME COMPENSATION**

75. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

76. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for

overtime at a wage rate of one and one-half times the employee's regular rate."

77. Named Plaintiff and the New York Class have been employees within the meaning of NYLL.

78. Defendant has engaged in a widespread pattern and practice of violating the NYLL, as described in this Complaint.

79. Defendant violated the NYLL, in relevant part, by failing to pay Named Plaintiff and the New York Class overtime wages as required by the NYLL and NYCRR.

80. Defendant failed to pay Named Plaintiff and the New York Class overtime compensation for hours worked over 40 in a workweek.

81. Defendant's violations of the NYLL have been willful and intentional.

82. Due to Defendant's violations of the NYLL, Named Plaintiff and the New York Class are entitled to recover from Defendant their unpaid overtime compensation in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other damages recoverable under the NYLL.

**THIRD CAUSE OF ACTION**
**AGAINST DEFENDANT --**
**NEW YORK § 195(1) WAGE NOTICE VIOLATION**

83. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

84. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

85. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

86. Named Plaintiff and the New York Class did not receive wage notifications at the time of hire from Defendant informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rate of pay (*e.g.*, whether they were hourly employees), or (4) the regular pay day designated by Defendant.

87. Defendant violated NYLL § 195(1) by failing to provide Named Plaintiff and the New York Class with wage notifications and wage statements containing the information required by NYLL § 195, *et seq.*

88. Defendant's violations of the NYLL were willful, widespread, and repeated.

89. Due to Defendant's violations of NYLL § 195(1), Named Plaintiff and the New York Class are each entitled to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed the statutory maximum, together with costs and reasonable attorney's fees, and such other relief allowed under the NYLL.

**FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT --**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

90. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

91. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include

"the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

92. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

93. Named Plaintiff and the New York Class did not receive wage statements from Defendant that reflected their overtime rates of pay.

94. Defendant violated NYLL § 195(3) by failing to provide Named Plaintiff and the New York Class with wage statements containing the information required by NYLL § 195(3).

95. Defendant's violations of the NYLL were willful, widespread, and repeated.

96. Due to Defendant's violations of the NYLL, Named Plaintiff and the New York Class are each entitled to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed the statutory maximum, together with costs and reasonable attorney's fees, and such other relief allowed under the NYLL.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff and the Class Members seek the following relief:

A. That, at the earliest possible time, Named Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit, among other things;

B. Unpaid overtime compensation plus liquidated damages pursuant to the FLSA and supporting United States Department of Labor Regulations;

C. Certification of the NYLL claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D. Designation of the Named Plaintiff as Class Representative of the New York Class and counsel of record as Class Counsel;

E. Unpaid overtime compensation, liquidated damages, interest and other damages and penalties permitted under the NYLL;

F. Damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

G. Damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000, plus such other relief allowable under NYLL §§ 195 and 198;

H. Pre-Judgment interest and post-judgment interest as provided by law;

I. Reasonable incentive awards for the Named Plaintiff for the time and effort he has spent and will spend protecting the interest of the Class Members;

J. Attorneys' fees and costs of the action; and

K. Such other injunctive or equitable relief as this Court shall deem just and proper.

Dated: November 16, 2017
New York, NY

Respectfully Submitted,

*/s/Lloyd Ambinder*______________
**VIRGINIA & AMBINDER, LLP**
Lloyd R. Ambinder
Jack L. Newhouse

40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Facsimile: (212) 943-9082

*Attorneys for Named Plaintiffs,*
*Collective Members, and Class Members*