# SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** ANTHONY OLIVENCIA ("Plaintiff") and O'CONNELL PROTECTION SERVICES, INC. ("Defendant") as follows:

**WHEREAS**, Plaintiff commenced an action in United States District Court, Eastern District of New York on November 16, 2017 styled as *ANTHONY OLIVENCIA, on behalf of themselves and all others similarly situated*, v. *O'CONNELL PROTECTION SERVICES, LLC*, Index No. 17-cv-06709 (AMD) (VMS) (hereinafter the "Action") in which he has asserted various claims and avers he is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for notice violations and wage statement violations under the NYLL; and

**WHEREAS**, Defendant filed its Answer on January 3, 2018, denying all of the material allegations asserted by Plaintiff and denying that it violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS**, Plaintiff and Defendant (singularly, a "Party." Collectively, the "Parties"), despite the existence of a genuine dispute between the Parties, have agreed, in good faith, to avoid the time, expense and effort of engaging in further litigation by fully and finally resolving and settling all wage and hour claims that Plaintiff has, had or may have against Defendant, including but not limited to, all minimum wage, overtime and spread of hours claims and issues that were or could have been raised by Plaintiff, by way of this Settlement Agreement (hereinafter, the "Agreement");

**WHEREAS,** Plaintiff's counsel of record in the Action and Defendant's counsel of record in the Action, have negotiated extensively in good faith to reach a settlement acceptable to the Parties, which constitutes a reasonable compromise of Plaintiff's claims and Defendant's defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE**, the Parties hereby agree, for the consideration and upon the terms set forth in this Agreement, and incorporating the above "Whereas" clauses, as follows:

1. In full, final and complete settlement of the claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, Defendant hereby agree to cause to be paid to the Plaintiff the gross sum of TWENTY ONE THOUSAND DOLLARS AND ZERO CENTS ($21,000.00) (the "Settlement Amount") as follows:

(a) Within ten (10) days of the Court's approval of this Agreement and the So Ordering of the dismissal of this action, Defendant shall forward to Plaintiff's counsel two (2) checks, made payable as follows:

   i. one (1) check in the amount of $7,000.00 less applicable withholdings, made payable to

      ANTHONY OLIVENCIA representing payment of economic damages; and

  ii.  one (1) check in the amount of $7,000.00 made payable to ANTHONY OLIVENCIA representing payment of liquidated damages.

(b) Within thirty (30) days from the date of the first payment, as set forth in Paragraph 1(a) above, Defendant shall forward to Plaintiff's counsel one (1) check, made payable as follows:

  i.  one (1) check in the amount of $7,000.00 made payable to VIRGINIA & AMBINDER, LLP representing all legal fees and costs.

(c) Plaintiff acknowledges that he will be issued a form W-2 at the appropriate time for all amounts representing Plaintiff's economic damages and shall make all lawful deductions in accordance with a tax W-4 transmitted by Plaintiff at the time he transmits an executed copy of this Agreement.

(d) Plaintiff acknowledges that the Defendant may issue a tax form 1099 at the appropriate time for all amounts representing liquidated damages and Plaintiff's attorneys' fees and costs.

 All payments set forth above shall be delivered to or mailed to Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

 2. In consideration of the payment to Plaintiff by Defendant of the Settlement Amount constituting good and valuable consideration, Plaintiff hereby, acting on his own free will and volition, and on behalf of himself, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendant, as well as Defendant's current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, as well as anyone employed by or affiliated with Defendant, deemed by Plaintiff to be an "employer" both individually and in their official capacities, as well as Defendant's respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of said individuals and entities referenced above are, with Defendant, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, sick time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, New York City law, the Equal Pay Act, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, his respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

 3. By entering into this Agreement, none of the parties hereby make any admission

or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the Parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

4. In the event that any payments described in Paragraph 1 are not received by Plaintiff's counsel by the dates set forth above, Plaintiff's counsel shall provide written notice to Defendant's counsel, Keith Gutstein, Esq., Kaufman Dolowich & Voluck, LLP, via email at KGutstein@kdvlaw.com and via first class mail to 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, of said non-payment or incomplete payment. Defendant will have ten (10) days from the date of receipt of Plaintiff's written notice to remedy the untimely or incomplete payment(s) before Plaintiff deems Defendant to be in default and the Agreement breached. If Defendant duly remedies the untimely or incomplete payment(s) before the expiration of that ten (10) day period, Defendant shall not be in default and the Agreement shall not be breached. Plaintiff and his counsel shall have the right to a judgment or supplemental judgment against Defendant **O'Connell Protection Services, LLC** in the amount of Twenty One Thousand Dollars ($21, 000) less any monies paid by Defendants at the time of default plus legal fees and costs incurred by Plaintiff and his counsel in connection with the default. The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his counsel.

5. Plaintiff agrees to hold Defendant harmless, and indemnify Defendant from any payments Defendant may be required to make to any taxing authority resulting from the issuance of an IRS form 1099 as a result of Plaintiff's failure to pay any taxes related to any income garnered by and through this Agreement.

6. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative body and will also withdraw with prejudice all judicial actions, including this Action, and as well as any and all other lawsuits, claims, demands or actions relating to wage and hour claims pending against any and all Releasees, both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind relating to wage and hour claims against Releasees as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, he promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting Party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice.

7. Plaintiff acknowledges that, upon payment as described in paragraph 1 herein, he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including, but not limited to, those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

8. Plaintiff acknowledges that upon receipt of all of the payments set forth in Paragraph 1 of this Agreement, he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours or stretch pay, withheld payroll deductions, call in pay, vacation or sick pay, accrued benefits (including, but not limited to, health care benefits), bonus or commission.

9. Plaintiff agrees that he shall not make any statement, written, oral or electronic, which in any way disparages Defendant, any employee Plaintiff knows to be employed by Defendant, or Defendant's business practices. However, this Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning his experience litigating this Action. In the event that a prospective employer contacts Defendant seeking a reference for Plaintiff, and provided that Plaintiff directs said prospective employer solely to James O'Connell, via email at Jamie@oconnellprotection.com, Defendant will provide a neutral reference, confirming only Plaintiff's last job title, dates of employment and nothing further.

10. This Agreement shall not be interpreted in favor or against either Party on account of such Party's counsel having drafted this Agreement.

11. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal.

12. If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

13. The parties agree that the United States District Court, Eastern District of New York shall retain jurisdiction for all purposes.

14. In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

15. By signing this Agreement, Defendant and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

16. This Agreement represents the entire agreement between Plaintiff and Defendant. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

17. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

18. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

19. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff: Lloyd Ambinder, Virginia & Ambinder, LLP, 40 Broad Street, 7th Floor, New York, New York 10004.

For Defendant: Keith J. Gutstein, Kaufman Dolowich Voluck, 135 Crossways Park Drive, Suite 201, Woodbury, NY, 11797.

**Plaintiff represents that he has had a full opportunity to review and consider the terms and conditions of this Agreement and to have discussed them with his respective counsel or financial advisor, and has had sufficient time to review and consider this Agreement, fully understand all of the provisions of this Agreement and has executed same freely.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

_____     3/2/18
ANTHONY OLIVENCIA                   Date

STATE OF NEW YORK      )
                       )S.S.
COUNTY OF Queens       )

ANTONIO MILAZZO
Notary Public, State of New York
No. 01MI6287313
Qualified in Queens County
Commission Expires August 5, 20__

On March 2, 2018, before me personally came Anthony Olivencia, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

[DEFENDANT SIGNATURE ON NEXT PAGE]

5

_____
O'CONNELL PROTECTION SERVICES, LLC
Name: James O'Connell
Title: Owner
Date: 2/27/18

4816-5733-5901, v. 1